# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2318

_____

| | | |
|---|---|---|
| Michael L. Ramshaw, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| United States of America, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: July 3, 2006
Filed: July 13, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Michael Ramshaw appeals the district court's[1] judgment denying his motion to quash an Internal Revenue Service (IRS) third-party summons issued to the Bank of America. The government moves for sanctions on appeal.

On appeal, Mr. Ramshaw's arguments challenging the denial of his motion to quash rest entirely upon his incorrect assumption that--before the third-party summons could be enforced--the IRS was required to show, and the district court was required

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

to determine, his liability as a taxpayer.  <u>See</u> 26 U.S.C. § 7602(a)(1) (for purposes of, inter alia, determining liability of any person for any internal revenue tax, Secretary is authorized to examine any books, papers, records, or other data which may be relevant or material to such inquiry), § 7609 (special procedures for third-party summonses); <u>United States v. Giordano</u>, 419 F.2d 564, 568 (8th Cir. 1969) ("the Secretary or his delegate has been specifically licensed to fish by § 7602"), <u>cert. denied</u>, 397 U.S. 1037 (1970).  We therefore hold that the district court did not err in denying Mr. Ramshaw's motion to quash the summons, did not abuse its discretion in denying his motion to compel production of documents establishing his status and liability as a taxpayer, and did not abuse its discretion in denying his post-judgment motions.  <u>See</u> <u>Robert v. United States</u>, 364 F.3d 988, 994 (8th Cir. 2004) (refusal to quash IRS summons reviewed de novo; denial of discovery in action to quash IRS summons reviewed for abuse of discretion); <u>In re Charter Commc'ns, Inc.</u>, 443 F.3d 987, 993 (8th Cir. 2006) (denial of motion for reconsideration reviewed for abuse of discretion).  The judgment is affirmed, and the government's motion for sanctions on appeal is denied.[2]  <u>See</u> 8th Cir. R. 47B.

———————————————————

---

[2]<u>Cf.</u> <u>Searcy v. Donelson</u>, 204 F.3d 797, 798-99 (8th Cir.) (awarding sanctions on appeal after taxpayer filed liens against IRS agents' personal assets, brought civil rights action against agents, and asserted, inter alia, judicial misconduct in his appeal from district court's adverse judgment on his civil rights action and agents' counterclaim for nullification of his liens), <u>cert. denied</u>, 531 U.S. 898 (2000).